AB:ELM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

LOTHAR K. MAELZNER,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF
ARREST WARRANT
(T. 18, U.S.C., § 2252(a)(4)(B))

18-M-912

EASTERN DISTRICT OF NEW YORK, SS:

  JOSHUA E. CROFT, being duly sworn, deposes and states that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

  On or about September 26, 2018, the defendant LOTHAR K. MAELZNER did knowingly possess one or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction, the production of such visual depiction having involved the use of one or more minors engaging in sexually explicit conduct and such visual depiction was of such conduct, that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer.

  (Title 18, United States Code, Section 2252(a)(4)(B)).

1.      The source of your deponent's information and the grounds for his belief are as follows:[1]

2.      I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been since 2016. I am assigned to the Child Exploitation Investigations Unit and am responsible for investigating violations of criminal law relating to the sexual exploitation of children. I have gained expertise in this area through training in classes and daily work related to conducting these types of investigations. As part of my responsibilities, I have been involved in the investigation of numerous child pornography cases and have reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. Through my experience in these investigations, I have become familiar with methods of determining whether a child is a minor.

3.      I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents and evidence, my training and experience and discussions that I have had with other law enforcement personnel concerning the creation, distribution and proliferation of child pornography. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

4.      On or about August 16, 2018, law enforcement officers obtained records showing that the defendant LOTHAR K. MAELZNER made a payment of approximately $42.75 in Bitcoin to a website operating under the name "Star Sessions" on October 22, 2017.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3

Star Sessions is a pornography website based in the Ukraine that is known to sell child pornography.

5.  On September 26, 2018, at approximately 7:00 p.m., the defendant LOTHAR K. MAELZNER arrived at LaGuardia International Airport in Queens, New York("LaGuardia"), aboard AirCanada flight 720 from Toronto, Canada.

6.  HSI agents approached the defendant LOTHAR K. MAELZNER in the terminal after MAELZNER disembarked from his plane. When asked how many electronic devices he had, MAELZNER told the HSI agents that he was traveling with one laptop. A consensual search of his luggage revealed that he was actually traveling with a number of electronic devices, including a cell phone, an iPad, two MacBook laptop computers, two My Passport brand hard drives and four flash memory drives. HSI agents detained MAELZNER's electronic devices pursuant to their border search authority.[2]

7.  The defendant LOTHAR K. MAELZNER was advised that he was free to leave, and agreed to participate in a voluntary interview with law enforcement officers in the terminal, near an unused gate. During the interview, MAELZNER admitted, in sum and substance and in part, that he had visited the Star Sessions website. MAELZNER denied purchasing child pornography from the Star Sessions website, but admitted that he had downloaded child pornography in the past. MAELZNER admitted that he had downloaded child pornography as recently as September 25, 2018, and informed law enforcement officers

---

[2] The defendant LOTHAR K. MAELZNER was traveling on a flight designated by Customs and Border Protection as a "preclearance" flight. MAELZNER went through customs in Toronto, Canada, and officially entered into the United States when he disembarked from the plane at the arrival terminal at LaGuardia.

that he had approximately 100 sexually explicit images of teenage girls approximately 14 years of age. MAELZNER also admitted that he attempted to engage the services of a 15-year-old prostitute while on a business trip in the Dominican Republic in 2016.

8. During the interview, the defendant LOTHAR K. MAELZNER gave law enforcement officers the passwords needed to access each of the electronic devices he had in his possession upon arriving at LaGuardia. A search of one of the hard drives revealed thousands of images and dozens of videos of female minors, depicting girls as young as 8 years old fully nude and in sexually suggestive positions. For example, some of the images and videos depict young girls performing stripteases.

WHEREFORE, your deponent respectfully requests that the defendant LOTHAR K. MAELZNER be dealt with according to law, and that the Court issue an arrest warrant for MAELZNER so that he may be dealt with according to law. Moreover, for the reasons set forth above, there is further probable cause to believe that admissible evidence that the defendant knowingly possessed one or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction, the production of such visual depiction having involved the use of one or more minors engaging in sexually explicit conduct and such visual depiction was of such conduct, that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

5

I further request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving the targets an opportunity to flee from prosecution, destroy or tamper with evidence and change patterns of behavior.

_____
JOSHUA E. CROFT
Special Agent
United States Department of Homeland Security,
Homeland Security Investigations

Sworn to before me this
27th day of September, 2018

_____
THE HONORABLE
UNITED STATES
EASTERN DISTRICT

9/ Tiscione